# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**USA,**

    **Plaintiff,**

**v.**

**KENNY TORRES-COLON**

    **Defendant.**

**Crim. No. 12-286 (GAG)**

## MEMORANDUM OPINION AND ORDER

On April 12, 2012, Defendant Kenny Torres-Colon ("Torres") was indicted for being a convicted felon in possession of a firearm and ammunition. (See Docket No. 16.) As described by the government, Torres was a passenger in a speeding vehicle and was observed throwing a firearm and fanny pack out the window onto the highway. (See Docket No. 83 at 2.) On September 12, 2013, Torres sought dismissal of the indictment arguing 18 U.S.C. § 933(g)(1) is unconstitutional. (See Docket No. 103.) The court denied the motion without prejudice, allowing time for the government to respond in the event Torres was convicted. (See Docket Nos. 107 & 108.) On September 18, 2013, the jury found Torres guilty of being a convicted felon, knowingly possessed in and affecting interstate commerce, a firearm and ammunition. (See Docket No. 135.) Pursuant the courts previous orders, the government opposed Torres' motion to dismiss. (Docket No. 141.) After reviewing the parties' submissions and pertinent law, the court **DENIES** Torres' motion to dismiss the indictment at Docket No. 103. Because the issue is also raised in Torres' motion for acquittal at Docket No. 146, the court also **DENIES** Torres' motion for acquittal on that issue.

**I.**     **Constitutionality of 18 U.S.C. § 922(g)(1)[1]**

---

[1] 18 U.S.C. § 922(g), in pertinent part, makes it illegal for someone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or

**Crim. No. 12-286 (GAG)**

Torres' only argument is that Congress overstepped its bounds by enacting Section 922(g)(1). (See Docket No. 8.) Torres points to the "in or affecting commerce" language that limits Congress' authority to enact the statute. Torres strings together precedent from the Supreme Court and the First Circuit in support for his theory that Congress was prohibited from enacting laws that encroach on the traditional realm of the states. However, the court has no need to go so far as to analyze these precedents. Recently, the First Circuit upheld its constitutionality in United States v. Torres-Rosario. 658 F.3d 110, 112-13 (1st Cir. 2011). Like Torres, the defendant in Torres-Rosario argued Section 922(g)(1) was an unconstitutional exercise of Congressional authority. See 658 F.3d at 112. The First Circuit stated, "The Supreme Court said that its opinions in Heller and McDonald 'did not cast doubt on such longstanding regulatory measures as prohibition on the possession of firearms by felons.' All of the circuits to face the issue post Heller have rejected blanket challenges to felon in possession laws." Id. at 112-13 (citing McDonald v. City of Chicago, 130 S.Ct. 3020 (2010); District of Columbia v. Heller, 554 U.S. 570 (2008)). The court finds this precedent dispositive of the issue raised in the present case. Even if the court were to critically analyze the reasoning of Torres-Rosario, the court would ultimately arrive at the same conclusion, that this law is constitutional. The court need go no further.

## II. Conclusion

For the foregoing reasons, the court **DENIES** Torres' motion to dismiss the indictment at Docket No. 103. The court also motes this issue constitutes part of Torres' motion for acquittal at Docket No. 146. As this opinion and order disposes of this issue, only the remaining arguments shall be the subject of a subsequent opinion and order analyzing the motion for acquittal.

---

ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

**Crim. No. 12-286 (GAG)**

**SO ORDERED.**

In San Juan, Puerto Rico this 7th day of October, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge